INSURANCE BROKERS ASSOCIATION OF NEW JERSEY, INC., AND LICENSED BROKERS JOHN SAVARESE AND JACOB GRIFFIN, JR., APPELLANTS, v. JAMES J. SHEERAN, COMMISSIONER OF INSURANCE, STATE OF NEW JERSEY, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 9, 1978—Decided August 15, 1978.

36

Before Judges LORA, SEIDMAN and MILMED.

*Mr. Joel Sondak* argued the cause for appellants (*Messrs. Walder, Steiner & Sondak,* attorneys; *Mr. John A. Brogan, Mr. Edward Krowen and Mr. Sondak* on the briefs).

*Mr. Wesley S. Caldwell, III,* Deputy Attorney General, argued the cause for respondent (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel; *Ms. Maureen McGrath,* Deputy Attorney General and *Mr. Caldwell* on the brief).

The opinion of the court was delivered by
MILMED, J. A. D. This appeal brings up for review the validity of certain rules promulgated by the State Commissioner of Insurance (Commissioner) concerning service and placement fees charged by insurance brokers, *viz., N. J. A. C.* 11:1–7.1 through 11:1–7.6. We stayed the effectiveness of the rules pending the appeal.

The thrust of appellants' challenge is that (1) the rules were adopted in violation of "mandatory" procedural requirements, and (2) their adoption by the Commissioner was arbitrary, capricious and unreasonable.

In regard to their first contention, appellants argue that the rules were not adopted in accord with certain requirements (1) of the Administrative Procedure Act, specifically *N. J. S. A.* 52:14B-4(a) and (d); (2) of sections 15:15-4.1 and 15:15-4.11(b) of the New Jersey Administrative Code, *N. J. A. C.* 15:15-4.1 and 15:15-4.11(b), and (3) of *N. J. S. A.* 17:1-8.2 and 17:1-8.3 relating to the rule-making authority of the State Commissioner of Insurance. In essence, they claim that the Commissioner, before adopting the challenged rules, (1) failed to give the 20 days' notice of intended action required by *N. J. S. A.* 52:14B-4(a); (2) "failed to publish a notice of intention and to hold a public hearing," as required by *N. J. S. A.* 17:1-8.2; (3) failed to have published in the *New Jersey Register* a notice of intention as required by *N. J. A. C.* 15:15-4.1, and (4) failed to resubmit the proposed rules for republication in the New Jersey Register, "subject to the 20 days prior notice and opportunity to be heard requirements of the Administrative Procedure Act * * *," as required by *N. J. A. C.* 15:15-4.11(b).

From our review of the record submitted we are entirely satisfied that within the perimeters of the extended proceedings which culminated in the adoption of the contested rules, there clearly was substantial compliance with the procedural requirements of the pertinent statutes and Administrative Code provisions. See *Motyka v. McCorkle,* 58 *N. J.* 165, 180 (1971); *N. J. S. A.* 52:14B-4(d). The Commissioner's initial proposal "to adopt new rules concerning service and placement fees" was published in the New Jersey Register on October 9, 1975. See 7 *N. J. R.* 468. The notice called upon interested persons to "present statements or arguments in writing relevant to the proposed action on or before October 31, 1975, or at a hearing to be held at 10:00 A.M. on October 30, 1975," at the Department of Insurance offices in Trenton. Statements were to be sent to Dr. Eleanor Lewis at the Department. At the *public hearing* held pursuant to the notice strong opposition to the proposal

was registered by brokers, agents and their representatives in attendance, and a redraft "of October 29, 1975," incorporating changes made in response to material already received by the Department, was distributed. The time for submission of written materials was extended to November 12, 1975. The hearing officer, Dr. Lewis, submitted her report in the summer of 1976. She recommended adoption of the rules with modifications. On September 9 of that year the text of the rules as adopted by the Commissioner on August 23 was published in the New Jersey Register. 8 *N. J. R.* 422–423. Opposition by the brokers continued. Appellant Insurance Brokers Association of New Jersey, Inc. (Brokers Association), through its counsel, asked the Commissioner to stay "the effective date of the proposed regulation" for consideration of additional information. Thereafter, it, along with appellant John Savarese and two other brokers, filed a notice of appeal to this court seeking a review of the validity of the rules adopted August 23, 1976. The Commissioner then, in response to the Brokers Association's request for a stay, "suspended" the adoption of the rules for reconsideration, and extended to November 24, 1976 the time for submission of additional written materials on the subject. See 8 *N. J. R.* 516, November 4, 1976. A further extension of time, for an additional 60 days, was requested but was denied. A substantial amount of additional material was, however, submitted by November 24; but, beyond this, the appellants in the then pending appeal sought an expansion of the agency record requesting, in conjunction therewith, a 60-day extension for submission to the Commissioner of additional materials and an independent audit of the relevant portion of the business of several representative insurance brokers. Appellants' motion was denied and the Commissioner's cross-motion to dismiss that appeal was granted. Thereafter, a "Supplemental Report on the Reopened Record Concerning The Service Fees Rule as Published September 9, 1976" was submitted by the Department's Rules Officer, concluding with a recommendation for adoption, with several "clarifications

and additions." On May 24, 1977 the Commissioner "re-adopted" the rules "substantially as published in the *New Jersey Register* on September 9, 1976, but with subsequent substantive changes not detrimental to the public, in the opinion of the Department of Insurance." The text of the rules, which were to become effective July 1, 1977, was published in the New Jersey Register on June 9, 1977. 9 *N. J. R.* 279–280. Appellants herein filed their notice of appeal seeking a review of the validity of the "readopted" rules and sought a stay of their taking effect pending the appeal. As indicated previously, we granted the stay.

While appellants concede that the Commissioner gave adequate notice to interested persons and afforded them an opportunity to be heard in regard to his initial proposal, they argue that the October 30, 1975 hearing on that proposal "did not satisfy the statutory requirements for a hearing with respect to the present rules adopted by the Commissioner [on May 24, 1977], since that hearing related to similar, but later substantively amended rules." Appellants plainly misconceive the nature and purpose of the procedural safeguards provided by *N. J. S. A.* 17:1–8.2 *et seq.* and § 4 of the Administrative Procedure Act, *N. J. S. A.* 52:14B–4. Unquestionably, the Commissioner has broad authority to adopt rules concerning service and placement fees charged by insurance brokers. See *N. J. S. A.* 17:22–6.18, *N. J. S. A.* 17:1–8.1 and *N. J. S. A.* 17:1C–6(e). In the exercise of that authority he gave and published the required 20 days' notice of his intended action and afforded "all interested persons reasonable opportunity to submit data, views or arguments, orally or in writing." *N. J. S. A.* 52:14B–4(a).[1] It is obvious from the record before us that he fully

---

[1]Here, a trial-type hearing was neither mandated nor appropriate. See 1 *Davis, Administrative Law Treatise,* § 7.06 at 429–432 (1958), and *Supp.* (1970) at 327–330. Additionally, opportunity for oral presentation, although afforded at the October 30, 1975 hearing, is not mandated by either *N. J. S. A.* 52:14B–4 or *N. J. S. A.* 17:1–8.2 *et seq.*

considered "all written and oral submissions respecting the proposed rule." *Id.* His original proposal of October 1975 was twice revised in light of the reaction to it from brokers, *i.e.,* first as adopted on August 23, 1976, and again as readopted on May 24, 1977 following the stay (suspension) requested by counsel for the Brokers Association. We find no substance in appellants' suggestion that the making of substantive changes in the rules (from initial proposal to final readoption) required new notice to interested persons affording them a further opportunity to be heard on the subject.

What has been said in regard to the Federal Administrative Procedure Act requirement of submission of a proposed agency rule for comment by interested persons, see 5 *U. S. C. A.* §553, is equally applicable here. Thus:

The requirement of submission of a proposed rule for comment does not automatically generate a new opportunity for comment merely because the rule promulgated by the agency differs from the rule it proposed, partly at least in response to submissions.[51]

> "51. A contrary rule would lead to the absurdity that in rule-making under the APA the agency can learn from the comments on its proposals only at the peril of starting a new procedural round of commentary.
>
> As we have stated in an analogous context of rule-making proceedings before the Federal Communications Commission, where petitioners have argued that the Commission was 'changing the rules in the middle of the game' when it took into consideration factors not specifically indicated in its Section 4(a) notice under the Administrative Procedure Act, 5 U. S. C. § 1001(a), '[s]urely every time the Commission decided to take account of some additional factor it was not required to start the proceedings all over again. If such were the rule the proceedings might never be terminated.' Owensboro On the Air v. United States, 104 *U. S. App. D. C.* 391, 397, 262 *F.* 2d 702, 708 (1958); Logansport Broadcasting Corp. v. United States, 93 *U. S. App. D. C.* 342, 346, 210 *F.* 2d 24, 28 (1954)."

[*International Harvester Co. v. Ruckelshaus,* 155 *U. S. App. D. C.* 411, 428, 478 *F.* 2d 615, 632 (D. C. Cir. 1973)].

And see *Davis, Administrative Law of the Seventies,* supplementing *Administrative Law Treatise,* § 6.01–1 at 169–172 (1976).

██ The agency rules challenged on this appeal clearly appear to be "a logical outgrowth" of the October 30, 1975 hearing and the subsequent related procedures. See *South Terminal Corp. v. Environmental Protection Agency*, 504 F. 2d 646, 659 (1 Cir. 1974). And we are not persuaded by appellants' claim that the rules are invalid because of failure of compliance with "the one year requirement" of *N. J. A. C.* 15:15–4.11(b). The Commissioner's initial proposal was published on October 9, 1975. 7 *N. J. R.* 468. Less than a year later, on September 9, 1976, the text of the rules as adopted by him on August 23 was published. 8 *N. J. R.* 422–423. As previously indicated, their later suspension was in response to the request of the Brokers Association, through its counsel, for a stay of "the effective date of the proposed regulation" for consideration of additional information. The Commissioner's subsequent consideration of the additional materials submitted and his readoption of the rules with "substantive changes not detrimental to the public, in the opinion of the Department of Insurance," was fully consistent with the intent and spirit of the mandate of the Administrative Procedure Act that he, the Commissioner, "consider fully all written and oral submissions respecting the proposed rule." *N. J. S. A.* 52:14B–4(a) (2). In the totality of the circumstances disclosed in the record, we are satisfied that the challenged rules were adopted in substantial compliance with the relevant statutory and Code provisions.[2] We discern no procedural impediment which would impair their validity.

 Appellants also argue that the rules as finally adopted are arbitrary, capricious and unreasonable. We disagree. *N. J. S. A.* 17:22–6.18 sets out the Commissioner's authority to promulgate rules regulating service fees charged

---

[2]The text of the "readopted" rules was published in the *New Jersey Register* on June 9, 1977. 9 *N. J. R.* 279–280. See *N. J. A. C.* 15:15–4.11(b). As previously indicated, no new notice to interested persons affording them a further opportunity to be heard on the subject was required in the circumstances.

by insurance brokers.[3] It provides, among other things, that:

The amount of any such compensation must bear a reasonable relationship to the nature of the services performed [by the broker] and must not be discriminatory.

In no event shall the amount of compensation specified in * * * [the] written memorandum [of the party to be charged, upon which the broker's right to compensation is based] be effective or enforceable to the extent that it exceeds the amount that is authorized under or pursuant to any regulation of the Commissioner of *** Insurance.

The action taken by the Commissioner in adopting the challenged rules "is entitled to the benefit of the customary rebuttable presumption of validity and regularity afforded to administrative regulations generally." *Motyka v. McCorkle, supra,* 58 *N. J.* at 181. Appellants "have the burden of satisfying the court that the regulations are unreasonable." *Consolidation Coal Co. v. Kandle,* 105 *N. J. Super.* 104, 118 (App. Div.) aff'd o.b. 54 *N. J.* 11 (1969). We are satisfied from our examination of the record not only that they have failed to sustain that burden, but rather that there is ample support in the record for the promulgated regulations. See, *e.g.,* the hearing officer's "Report of the Hearing of October 30, 1975 on Proposed Service Fees Rules," and the Rules Officer's "Supplemental Report on the Reopened Record Concerning The Service Fees Rule as Published September 9, 1976."

In summary, we find the rules adopted by the Commissioner and published in the *New Jersey Register* on June 9, 1977, 9 *N. J. R.* 279–280, *N. J. A. C.* 11:1–7.1 to *N. J. A. C.* 11:1–7.6, inclusive, to be valid and reasonable. Accordingly, the Commissioner's action in adopting them is affirmed and the appeal is dismissed. The stay heretofore granted is dissolved.

---

[3]This authority, which was not added to *N. J. S. A.* 17:22–6.18 until 1966, *L.* 1966, *c.* 92, § 1, was obviously not in effect when *Coro Brokerage, Inc. v. Rickard,* 29 *N. J.* 295 (1959), was decided. Accordingly, appellants' reliance on the decision in that case is misplaced.